Caria, per

Wardlaw, J.
In the case of Miller and Leckie vs. Jones, decided at this sitting, it was held that where a defendant died between the execution of the writ of inquiry, or ascertainment by the clerk, of the sum due, and the signing of the final judgment, the judgment signed after his death was regular. That case would be an authority for the judgment in this, even if we should understand that judgment, was signed at the end of the term during which the defendant died, after decree pronounced against him, and should disregard the decisions which have held the entry of decree in the minutes of court as the judgment in a summary process. But the execution which was signed at tbe end of the term, is also questioned in this case, and a further examination of the practice in cases of the death of a defendant, is rendered .necessary.
A judgment is the conclusion of the law upon facts found, or admitted ; and a writ of execution is a judicial process to enforce the judgment.
In presumption of law, every entry of judgment, (disregarding the distinction made sometimes in the English practice, between signing judgment, and entry of judgment, *312 which is unknown to our practice,) is then the regular and formal registry and enrollment of what was adjudged by the court; and although the entry may be made in vacation, it is considered to be the cotemporaneous record of what was done by the court, and has relation to the term when the conclusion of law was expressed, and is supposed to have been entered. After the commencement of another term, no entry of a judgment of the preceding term was, at common law, permitted of course, but during the first vacation following the term at which the final order of the court was made, such entry might be made, and was considered as if made during that last mentioned term, and therefore, good against a party who died after the order, and before the entry.
In like manner the judicial process issued during a vacation, and tested of the preceding term, was considered the act of the court, performed during the term, and if it would have been regular at the term, was not affected by a subsequent death. Tidd’s Prac. 846, 849, 857, 915 ; 2d Lord Ray. 849; 7 Term, 20.
By the practice of the English courts, after a verdict, or the return of a writ of inquiry, a rule for judgment nisi causa is entered, or some equivalent form of delay enforced, and during the four days of term time that this rule runs, or this delay extends, the opposite party may shew cause for new trial, arrest of judgment, second inquiry, &c. but after the expiration of the rule, or time of delay, without cause shewn, the final order of court is presumed to be made, and final judgment may be entered of course. No such rule, or delay, prevails with us ; but by the arrangement of our courts, soon as verdict has been rendered, writ of inquiry executed, ascertainment by the clerk made, judgment upon demurrer or decree in summary process pronounced, the case is as by the English practice it is at the expiration of the rule or delay without cause shewn. The final consideration of the court has been had, and nothing remains but the final entry, which, if made at any time during the next vacation, relates back to the term, and is, as between the parties, considered as if made during the term. Our rule of court which prohibits the entry of a *313 judgment during term time, does not at all affect its relation back, when entered in proper time.
“At common law, the death of a sole plaintiff or defendant, before final judgment, (that is, before the time when the final judgment might have been entered, if it was entered during the next, vacation,) would have abated the writ; but if either party, after verdict had, died in vacation, judgment might have been entered that vacation, as of the preceding term; and it would have been a good judgment at common law, as of the preceding term; though it was not so upon the statute of frauds in respect of purchasers, but from the signing.” Tidd’s Pr. 846.
The statute of Ch. 2, c. 8, of force in this State, (which is confined entirely to verdicts) enacted that the death of either party, between verdict and judgment, shall not be alleged for error, so as the judgment be entered within two terms after the verdict. It will be observed that by the statute, the time for entry is extended beyond the vacation succeeding the verdict term, during which vacation, at common law, the judgment might have been entered, and the books of practice, as Tidd P. 1024, say that the judgment is entered for or against the party, as though he were alive, and it should be entered, or, at least, signed, within two terms after the verdict; “but there must be a sci.fa. to revive it before execution;” for which last position, 1 Wils. 302, is cited.
That case, examined in connection with the cases in 2 Lord Ray. 850, and 7 Term, 20, and the other cases cited, Tidd, 915, shews that a sci.fi. before execution, is necessa - ry only when the judgment is signed under the statute of Ch’s. 2, after the first vacation, so that the execution cannot be tested during the life time of the party who has died; but “the statute of frauds being made in favor of purchasers, does not alter the law as between the parties; therefore, if the execution be tested in the defendant’s life time, it may be taken out and executed after his death.”
Under the statute 8 and 9 Wm. 3, c. 11, (from which our Act of 1746 is copied,) in case the defendant dies after interlocutory judgment, and before final judgment, sci.fa. may be had to make his executors or administrators parties to the judgment, and then a second sci. fa. is necessary to *314 give the executors or administrators an opportunity to plead no assets or other matter in their defence. Tidd, 1118.
But if the judgment was signed in the life time of the defendant, no sci.fa. isnecessaty to have execution against him during the vacation after the judgment term ; and if the final consideration of the court was had in his life time, judgment may be entered as at common law, during the vacation following the final order, notwithstanding his death before the entry; and during such vacation no sci. fa. is necessary to have against him an execution, which at common law would properly have been tested in his life time.
“When there is only one plaintiff or defendant, who dies after final judgment, and before execution, a sci.fa. may be had against his personal representativesbut such sci.fa. is not necessary if execution by or against the party himself be taken out in such time that it may be tested in his life time.
Our Act of 1825 alters the form of testing writs; but still judicial process must be considered the act of the preceding term, and of course an execution cannot be tested so as to appear to precede the term at which the entry shows the judgment of the court was awarded.
Without inquiring now into questions which may arise between various creditors, and between them and personal representatives, the court is of opinion that, according to the well settled rules of practice, the judgment and execution in this case are regular.
The motion is, therefore, dismissed.
Richardson, O’Neall, Evans and Butler, JJ. concurred.
Frost, J. had been of counsel.